IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD P. WALKER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DAVID DiGUGLIELMO, DISTRICT ATTORNEY OF PHILADELPHIA, and ATTORNEY GENERAL OF PENNSYLVANIA** | : : : : | **NO. 06-853** |

**NORMA L. SHAPIRO, S.J.**                                                                 **APRIL 18, 2007**

**MEMORANDUM AND ORDER**

   Petitioner, Ronald P. Walker ("Walker"), a state prisoner incarcerated in the Graterford State Correctional Institution ("Graterford"), has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge Scuderi issued a report and recommendation ("R&R") that the petition be denied as moot. For the following reasons, the Magistrate Judge's R&R will be approved and adopted, and Walker's habeas petition dismissed as moot.

**I.  FACTS AND PROCEDURAL HISTORY**

   Walker is serving an aggregate sentence of nineteen (19) to forty-nine (49) years of imprisonment for possession of an instrument of crime, reckless endangerment, unlawful restraint, criminal trespass, kidnaping, attempted kidnaping, burglary, and simple assault, based upon two separate convictions on June 11, 1988, and October 9, 1986. His minimum sentence expired on November 29, 2004, and his maximum sentence will expire on November 29, 2034.

   The Pennsylvania Board of Probation and Parole ("Board") reviewed Walker for parole on October 7, 2004, but refused to grant parole. The Board's justifications were: Walker's version of the nature and circumstances of the offenses; his lack of remorse for the

offenses committed; and his interview with the hearing examiner and/or board member. Walker filed a "Petition for Review" in Pennsylvania Commonwealth Court, but the petition was dismissed. Walker then filed a petition for allowance of appeal in Pennsylvania Supreme Court, but the petition was dismissed for failure to perfect the appeal.

On May 4, 2005, Walker filed a petition for writ of habeas corpus with this court. He argued: (1) the Board's denial of parole violated his Fifth and Fourteenth Amendment rights to equal protection and due process because it was based upon unsupported, false and misleading information, as well as wrongful criminal charges; and (2) the Board's denial of parole based upon Walker's "not guilty" plea at trial and lack of remorse for his crimes violated his Fifth and Fourteenth Amendment right against self-incrimination. Walker v. DiGuglielmo, C.A. No. 05-1685. Judge Scuderi issued an R&R that Walker's petition be denied.

On November 10, 2005, the Board conducted another parole review for Walker, and again refused to grant him parole. The Board's justifications were: Walker's minimization/denial of the nature and circumstances of the offenses; his lack of remorse for the offenses committed; and his interview with the hearing examiner and/or board member.

On June 14, 2006, and July 13, 2006, this court held evidentiary hearings in Walker v. DiGuglielmo, C.A. No. 05-1685, and heard testimony regarding Walker's denial of parole on both October 7, 2004, and November 10, 2005. After the hearings, counsel for Walker filed a memorandum requesting a grant of habeas relief unless the Board issued an internal memorandum stating: 1) Walker was not convicted of statutory rape, staff should not treat Walker as if he were convicted of statutory rape, and no summarization reports regarding Walker should contain a conviction for statutory rape; 2) the "Static 99" sex offender form is not

applicable to Walker, and all such forms are to be removed from Walker's file; 3) paperwork relating to home plan investigations should not list Walker as a sex offender; 4) Walker is not subject to Megan's Law; and 5) copies of the memorandum shall be placed in Walker's central office file and in any parole files where Walker is incarcerated. (Petr.'s Br. 4-5, C.A. No. 05-1685.)

> The chairperson of the Board issued an internal memorandum stating:
>
> (1) Walker was not convicted of statutory rape, staff should not treat Walker as if he were convicted of statutory rape, and no summarization reports regarding Walker should contain a conviction for statutory rape;
>
> (2) The "Static 99" sex offender form is not applicable to Walker, and all such forms are to be removed from his file;
>
> (3) Paperwork relating to home plan investigations should not list Walker as a sex offender;
>
> (4) Walker is not subject to Megan's law; and
>
> (5) Copies of said memorandum shall be placed in Walker's central office file and in any parole files where Walker is incarcerated.

By order of September 28, 2006, this court found that Walker's file contained reports falsely stating he had been convicted of statutory rape during both of Walker's parole hearings, and that the court could not find the reports had no effect on whether Walker was granted parole. <u>Walker v. DiGuglielmo</u>, C.A. No. 05-1685 (Sept. 28, 2006) (Shapiro, J.). But the court denied Walker's habeas petition as moot because all requested relief had been granted when the Board issued the memorandum addressing the false reports of statutory rape in Walker's file. By correspondence of March 12, 2007, Walker's counsel averred that Walker's rap sheet no longer lists a conviction for statutory rape. A copy of Walker's criminal history record from the Pennsylvania State

Police Central Repository, reporting "no dispo[sition]" and "no further action" on the charges of statutory rape, was attached.

On February 27, 2006, before the evidentiary hearings held in Walker v. DiGuglielmo, C.A. No. 05-1685, Walker filed the instant habeas petition contesting his second denial of parole on November 10, 2005.  He advanced the following claims: (1) the denial of parole was rendered in an arbitrary and capricious manner because the Board relied on false information and documents, despite that the Attorney General was aware of the error; (2) the Board used a false sex conviction to deny Walker release on parole for the second year in a row; (3) the Board denied Walker parole because he entered a not guilty plea at trial; (4) the Board denied Walker parole through the false policy of considering a not guilty plea as not taking responsibility or showing remorse for crimes committed.  (Pet. 9-10.)

**II.     REPORT AND RECOMMENDATION**

A district court reviews *de novo* those portions of a magistrate judge's report and recommendation to which objection is made.

Magistrate Judge Scuderi found the Board's grant of Walker's requested relief in Walker v. DiGuglielmo, C.A. No. 05-1685, rendered Walker's instant habeas petition moot. (R&R 7.)  The Magistrate Judge also noted the habeas petition may be subject to the successive petition bar found in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  (R&R 6 n. 3.)

Walker filed objections to Magistrate Judge Scuderi's R&R.  He argues that the claims raised in the instant petition – that Walker's denial of parole was arbitrary and capricious because the Board relied on false information for the second year in a row despite the Attorney

General's awareness of the error, and that the Board used a false sex conviction for the second year in a row to deny Walker parole – are distinct from the claims in his first habeas petition. Walker explains the first claim in the instant petition is that the proceedings were unreasonable and unsupported by state law, and therefore arbitrary and capricious, because the Board did not record the parole interview. (Petr.'s Opp. to R&R 3.) In support of his argument, Walker cites Pennsylvania law:

> "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings." 2 Pa. C.S.A. § 504.

Arguing the court has a legal basis for ordering the Board to record its hearings, Walker cited the Commonwealth's concession that there was no law stating the interview could not be recorded. (Petr.'s Opp. to R&R 4.) Walker explains the second claim in the instant petition is that the Board, Attorney General's Office, Pennsylvania State Police Central Repository, and the staff at Graterford were all aware that Walker was not a convicted sex offender, but continued to fabricate his sex offender status. Id.

Walker also argues he never requested as relief the internal memorandum from the chairperson of the Board. (Petr.'s Opp. to R&R 5.)

**III. DISCUSSION**

The court must first consider whether Walker's habeas petition is "second or successive" within the meaning of AEDPA, 28 U.S.C. § 2244. If it is a second or successive petition, the court does not have jurisdiction to decide Walker's claim unless it receives authorization from the Court of Appeals. See 28 U.S.C. § 2244(3)(A) (before second or

successive petition is filed in district court, applicant must move in appropriate court of appeals for order authorizing district court to consider application); Benchoff v. Colleran, 404 F.3d 812, 820 (3d Cir. 2005) (district court did not have subject matter jurisdiction to hear petitioner's parole claim where petitioner failed to seek authorization from Court of Appeals prior to filing successive petition and where such authorization would not have been justified).  The Third Circuit Court of Appeals looks to the principles of the abuse of the writ doctrine in defining "second or successive."  Benchoff, 404 F.3d at 817.  Under this doctrine, a subsequent petition is considered an abuse of the writ where it raises a habeas claim which could have been raised in an earlier petition and there was no legitimate excuse for failure to do so.  Id. at 816.  Therefore, a prisoner's application is not second or successive merely because it follows an earlier federal petition.  Id. at 817.  A subsequent petition is clearly not a "second or successive" petition within the meaning of AEDPA "if the claim had not arisen or could not have been raised at the time of the prior petition."  Id.

In Benchoff, petitioner filed a habeas petition relating to the conduct of his criminal trial, then filed another habeas petition contesting three denials of parole.  Id. at 814.  The court found "petitioner had already received two out of three identically phrased denials of parole" when he filed his first habeas petition, and petitioner did not have a legitimate excuse for failing to raise the parole claim in his first petition; thus, petitioner's subsequent petition was successive under 28 U.S.C. § 2244(b).  Id. at 818-20.

Walker's instant habeas petition is distinguishable from that in Benchoff.  On May 4, 2005, Walker filed his first habeas petition contesting denial of parole.  Afterwards, Walker was denied parole for the second time on November 10, 2005.  Walker's instant habeas

petition, filed on February 27, 2006, contests the second denial of parole on the ground that the Board relied on false documents for the second year in a row. Walker's claim did not arise and could not have been raised at the time of his first habeas petition contesting denial of parole. The instant habeas petition is not second or successive.

The next issue is whether Walker's claims are moot. A convicted prisoner does not have a constitutional or inherent right to parole. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979). However, Walker has a substantive due process right to have parole decisions made based on accurate information. Id. at 19 (Powell, J., concurring in part and dissenting in part). Walker's claim is that documents in his parole file falsely stated a statutory rape conviction. The Board addressed Walker's claim by issuing an internal memorandum that Walker was not convicted of statutory rape and that no summarization reports regarding Walker should contain a conviction for statutory rape. Copies of the memorandum were placed in Walker's files. Moreover, Walker's criminal history record from the Pennsylvania State Police Central Repository has been corrected. Whether or not Walker requested this relief, the court finds this the only relief to which Walker is entitled.[1]

## IV.    CONCLUSION

Walker's habeas petition will be denied as moot.

---

[1] Though Walker did not raise the issue of having his parole hearings recorded until his objections to the R&R, the court will address Walker's argument. Walker cites Pennsylvania law stating administrative adjudications must be recorded. See 2 Pa. C.S.A. § 504. The Board is not an administrative agency under Pennsylvania law, and is not subject to the procedural requirements of administrative agency law regarding the conduct of a hearing. Hendrickson v. Pennsylvania State Board of Parole, 409 Pa. 204, 206 (1962). Procedural due process does not require more than an opportunity to be heard and a statement of reasons why the prisoner was not qualified for parole. Greenholtz, 442 U.S. at 16. The court does not have the authority to order the Board to record Walker's parole hearings.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD P. WALKER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID DiGUGLIELMO, DISTRICT ATTORNEY OF PHILADELPHIA, and ATTORNEY GENERAL OF PENNSYLVANIA** | : : : : | **NO. 06-853** |

**ORDER**

    **AND NOW**, this 18th day of April, 2007, upon consideration of petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, Magistrate Judge Peter B. Scuderi's Report and Recommendation, and petitioner's objections, for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

    1.    The Report and Recommendation is **APPROVED**.

    2.    The objections filed by Petitioner are **OVERRULED**.

    3.    The Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED AS MOOT** with prejudice.

    4.    Because Petitioner has failed to make a substantial showing of the denial of a Constitutional right, there is no basis for issuing a certificate of appealability.

    /s/ Norma L. Shapiro
    S.J.